Pitkin *v.* McNair.

---

## PITKIN *vs.* McNAIR.

In order to render an election for charter officers in a city valid, it is indispensable that a list or register of the voters shall be made specially for that election. Without such a register, all the votes cast at such election are illegal, and any election of an officer is a nullity.

This principle applies to a special election, required by a city charter to be held annually, for the election of a particular class of officers, (school commissioners.)

CASE agreed upon, on a controversy submitted pursuant to section 372 of the Code of Procedure.

*J. C. Churchill,* for the plaintiff.

*Richardson & Gary,* for the defendant.

*By the Court,* FOSTER, J.   On the first Tuesday of May, 1864, John McNair was duly elected and qualified as school commissioner for the first ward of the city of Oswego, for two years, and entered upon the duties of his office.   On the first Tuesday of May, 1866, an election for school commissioner in said ward was held, and J. Wells Pitkin received 276 votes for the office, and John McNair received 194 votes, being all the votes cast for that office; and all such votes were cast by persons who were legally entitled to vote at elections for school commissioners in that ward; and all the proceedings of the election were regular, except that no register of electors was made or perfected by the inspectors, specially for said election.

The result of the election was duly certified and declared by the inspectors, and the proper certificate duly filed, and the common council of the city thereupon, on the 15th day of May, 1866, in due form determined, certified and declared that J. Wells Pitkin was duly elected to the said office; certificates of which determination were duly filed, and the clerk of the city immediately notified Pitkin of his election, and he, within ten days thereafter, took and duly filed the oath prescribed by the constitution of the State, and thereupon claimed, and still does claim, to be entitled to perform the duties of the office, but which he has been unable to do for the reason that the said John McNair claims that the election, for want of a list or register of electors prepared especially therefor, was null and void; that Pitkin did not by reason of the election become a school commissioner; that he, McNair, has a right to continue in the office and exercise its duties, and he does exercise them and excludes Pitkin therefrom.

The only question upon which the rights of the parties

Pitkin *v.* McNair.

depends, is whether, in order to render the election of Pitkin valid, it was necessary to have a list or register of the voters, made specially for that election ; for there can be no question that McNair was entitled to hold over until his successor was duly elected and qualified. (*Laws of* 1860, *p.* 849, § 2.)

From the facts admitted there is no doubt that Mr. Pitkin received a majority of all the legal votes of the ward. That no injustice was suffered by the defendant for want of a registry of the voters previous to the election ; and that he now holds the office in opposition to the truly expressed will of the constituency, who were entitled to elect charter officers for that ward ; and if there is no statutory difficulty in the way, in accordance with the general principles laid down in the case of *The People* v. *Cook*, (4 *Seld.* 67, 80, 90, 93,) the plaintiff is entitled to the office.

I think, however, that the statutes regulating this subject are too explicit in their language to leave to this court any power or discretion in the case, except to follow the plain language and directions of the statute, and to declare that all the votes cast at the election in question were illegal, and that the election of the plaintiff was a nullity.

The registry act (*Laws of* 1865. *pp.* 1461 *to* 1467, §§ 1, 2, 3, 4, 5,) prescribes the manner in which, previous to every general election, the lists or registers of all the legal voters in the cities and towns of this State, shall be made and corrected. Section 6 (*pp.* 1467–8) provides for the making of four copies of such lists, or registers, and for the filing of them in the appropriate offices, and declares "that it shall be the duty of the said inspectors, carefully to preserve the said list for their use on election day, and to designate one of their number, or one of the clerks, at the opening of the polls, to check the name of every voter voting in such district, whose name is on the register, and no vote shall be received at any *annual* election in this State, unless the name of the person offering to

vote be on the said registry, made and completed as here-
inbefore provided, preceding the election. * * * This
section shall be taken and held by every judicial or other
tribunal as mandatory and not as directory. And any
vote which shall be received by the said inspectors of elec-
tion in contravention of this section, shall be void, and
shall be rejected from the count in any legislative or judi-
cial scrutiny into any result of the election."

If, therefore, the office in question had been voted for
at any general election, no doubt could be entertained
that the election, had without such registry, would be
void.

Section 15 of the same act (*p.* 1470) prescribes that
"the same list required to be made and perfected at general
elections, shall in the same manner be made and pefected
by the inspectors at *all elections for charter officers*, in the
several cities of this State, and the provisions and require-
ments of this act, so far as the same may be, are made ap-
plicable to such elections;" with the exception that in the
city of New York the time and manner of making it dif-
fers in some respects from those requirements.

It is contended in behalf of the plaintiff, that the above
mentioned provisions do not apply to the case under con-
sideration, because the law provides that the office in
question is to be filled at a *special* election.

I do not see how this fact can alter the case. It cannot
be denied that the election was a charter election, and for
a charter officer; and when the statute says that the pro-
visions shall apply to *all* elections for charter officers, we
are not at liberty to determine that it applies to less than
all. Nor can I discover any difference, as regards the ne-
cessity for a registry, between the case of an election such
as this, and an election of any other officer, or of any
greater number of officers. The principle is the same, and
the rule should be uniform, whenever we can ascertain it
to be within the mischiefs which are supposed to have

Pitkin *v.* McNair.

caused the legislation in question, unless the contrary appears.

But was it a special election, in any such sense as could by possibilty, upon principle, exempt it from the requirements of the registry act? The charter of the city of Oswego (*Laws of* 1360, *p.* 849, § 2) provides that "there shall be elected *annually* in said city, (Oswego,) at a special election to be held on the first Tuesday of May, in the same manner and under the same regulations as other ward officers are elected, one commissioner of common schools for each ward," &c. It is therefore an annual election, at a time specified in the act, and for the election of a charter officer. It is to be held subsequent to the most usual time for change of residence, by the inhabitants of the city; and there is quite as much necessity, in order to have a correct list of legal voters in the several wards, to have a new one made out for the election in question, as there is, in the case of the general charter election, to have one prepared subsequent to the previous general election.

I think the election in question was illegal for the want of a proper registry of the voters; that the plaintiff was not duly elected to the office of commissioner; that the defendant was entitled to hold over till another was elected and qualified to supply his place; and that he was, and is, entitled to hold the office.

Judgment should be entered accordingly.

[ONONDAGA GENERAL TERM, January 1, 1867. *Bacon, Foster* and *Mullin,* Justices.]